The judgment appealed from is affirmed.
*Harry Irwin* for the motion.
*C. T. Ross* contra.

IN THE MATTER OF THE APPEAL OF LYMAN H. BIGELOW, SUPERINTENDENT OF PUBLIC WORKS OF THE TERRITORY OF HAWAII, FROM A DECISION OF THOMAS TREADWAY, AUDITOR OF THE TERRITORY OF HAWAII.

No. 1835.

ARGUED NOVEMBER 26, 1928. DECIDED FEBRUARY 4, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decision or ruling of the territorial auditor. On the 14th day of May, 1928, the Territory of Hawaii, acting through Lyman H. Bigelow, territorial highway engineer, entered into an agreement with E. J. Lord, Limited, for the construction of a portion of what is known as the Kalanianaole Highway. The

portion of this highway covered by the contract was to begin at station 80+50 at the end of the old Waimanalo beach road and to end at station 169+00 on the top of Makapuu Pass on the Island of Oahu. The contract price was $107,220.90 with a possible allowance for extras not to exceed $4500. Bigelow submitted this contract to Thomas Treadway, territorial auditor, with the request that he indorse thereon his certificate that there is an available unexpended appropriation or balance of an appropriation over and above all outstanding contracts sufficient to cover the amount required by such contract. Without this certificate the contract, under section 1479, R. L. 1925, has no validity whatever. The auditor refused to make the certificate and his action is brought here for review. His refusal is based upon three grounds, first, that the appropriation which Bigelow claims was made by the legislature for the construction of the road described in the contract is less than the contract price; second, that the legislature made no appropriation for the construction of the road described in the contract but that the appropriation which Bigelow claims should be expended for the road so described was made for another and different road, for the construction of which no contract has been let; third, that under the terms of the legislative enactment making the appropriation which Bigelow claims should be expended for the construction of the road described in the contract and providing for its expenditure the territorial highway engineer was without authority to execute the contract. Section 1479 is as follows: "No such contract" (which includes the contract in question) "shall be binding or of any force unless the auditor of the Territory, county or city and county, as the case may be, shall indorse thereon his certificate that there is an available unexpended appropriation or balance of an appropriation over and above all outstanding contracts

sufficient to cover the amount required by such contract." Section 1484 provides in substance that any auditor who shall violate the provisions of section 1479 shall be guilty of a misdemeanor and punished as provided by the statute.

The appropriation made by the legislature and which Bigelow claims is available for the construction of the road described in the contract with Lord is $100,000. Of this amount something less than $10,000 was expended for preliminary surveys, leaving an unexpended balance of $90,130.54. The price agreed upon between Bigelow and Lord for the construction of the road described in the agreement is $107,220.90 with a possible allowance for extras of $4500. The contract price is therefore obviously in excess of the unexpended balance of the appropriation.

It is contended by Bigelow, however, that under the contract with Lord the Territory only obligated itself to pay the sum of $81,993.90 plus the possible additional sum of $4500 for extras, making a total of $86,493.90, and that Lord agreed to look to the Territory for only this sum; and that also under the contract Lord agreed to look to the federal government for the sum of $25,227. It is argued from this that the unexpended balance of $90,130.54, being more than sufficient to meet the Territory's obligation, the auditor should have certified to the contract. The contract is as follows:

"This agreement, made this 14th day of May, 1928, by and between the Territory of Hawaii, by Lyman H. Bigelow, its Territorial Highway Engineer, party of the first part, and E. J. Lord, Limited, party of the second part:

"Witnesseth: That for and in consideration of the payments hereinafter mentioned, the party of the second part hereby covenants and agrees with the party of the first part to furnish and pay for all labor and materials, tools and equipment necessary to construct and to construct Kalanianaole Highway, Federal Aid Project No.

6-A, or such part thereof as shall be required by the Territorial Highway Engineer, the total amount of such labor, materials and construction not to exceed an amount the price of which, completed at the unit prices of the attached proposal of contract prices, shall be one hundred seven thousand two hundred twenty and 90/100 dollars ($107,220.90), after making the following deductions:

"Total amount of bid submitted......................$110,372.90
 Deductions:
 Item 11A—40 lin. ft. 24"
 cast-in-place concrete cul-
 vert @ 6.00.............................. $240.00
 Item 12A—416 lin. ft. 30"
 cast-in-place concrete cul-
 vert @ 7.00.............................$2,912.00 3,152.00
 ──────────
 $107,220.90

to be provided from the following funds:
 "Item 17, Act 146, S. L. 1927...........................$ 81,993.90
 Federal Road Aid Project No. 6-A............. 25,227.00
 ──────────
 Total...............................................$107,220.90

all in accordance with plans numbered 4034 on file in the office of the Territorial Highway Engineer and specifications hereto annexed, which plans and specifications, including any and all additions thereto or deductions therefrom and hereby made a part hereof, and to complete the same on or before the 21st day of March, 1929, or on or before such later date as may be fixed in accordance with said specifications.

"For and in consideration of the covenants, undertakings and agreements of the party of the second part herein set forth and upon the full and faithful performance thereof by the party of the second part, the party of the first part hereby agrees to pay to the party of the second part a maximum sum of one hundred seven thousand two hundred twenty and 90/100 dollars, in lawful money, but not more than such part of the same as actually earned computed from the actual quantities of

work performed as shown by the estimates of the Engineer and the unit prices named in the attached proposal of contract prices, such payments to be made, however, in the manner and at the times provided in the specifications hereto annexed and made a part hereof, and subject to such additions thereto or deductions therefrom heretofore or hereafter made in accordance with the provisions of such specifications and this agreement. Extras may be allowed, in addition to the above amount, not to exceed four thousand five hundred dollars ($4,500.00)."

It will be observed that the only parties to this contract are the Territory of Hawaii and E. J. Lord, Limited. The federal government is not a party to it and incurred no obligation of any sort to Lord under it. So far as the payment of the money is concerned the Territory is the sole promisor. So much is conceded. It is stated in the contract, however, that the sum of $107,220.90 is to be provided from the following funds: "Item 17, Act 146, S. L. 1927 $81,993.90" "Federal Road Aid Project No. 6-A $25,227.00." Item 17, Act 146, L. 1927, refers to the appropriation of $100,000 made by the legislature, the unexpended portion of which Bigelow claims is available for the construction of the road described in the contract, and Federal Aid Project No. 6-A refers to an appropriation made by Congress July 11, 1916, and amendments thereto, for the purpose of aiding the States in the construction of rural post roads and for other purposes. This appropriation by Congress is embodied in the specifications (which are made a part of the contract) and is as follows: "Federal cooperation.—The attention of the bidder is invited to the fact that, pursuant to the provisions of that certain Act of Congress, approved July 11, 1916, (39 Sta. 355) entitled, 'An Act to Provide that the United States Shall Aid the States in the Construction of Rural Post Roads, and for Other Purposes,' and amendments thereto, the United States government is to pay a portion of the cost of this improvement. The above

Act of Congress provides that the construction work and labor in each State shall be done in accordance with its laws and under the direct supervision of the State Highway Department, subject to the inspection and approval of the Secretary of Agriculture and in accordance with the rules and regulations made pursuant thereto. The construction work, therefore, will be subject to such inspection by the United States Secretary of Agriculture, or his agents, as may be necessary to meet the above requirements, but such inspection will in no sense make the Federal government a party to this contract." Of course it cannot be denied that if the Territory agreed to pay Lord only $81,993.90 of the contract price of $107,220.90, plus the possible additional sum of $4500 for extras, and Lord accepted this limitation, the ground of the auditor's refusal to certify the contract which we are now considering could not be sustained. We think, however, that the contract contains no such limitation. The mere recital of the sources from which the Territory expected to obtain the money with which to pay Lord is not a limitation upon its obligation to pay him the amount which it unequivocally agreed to pay him. There is nothing in the contract from which the inference can be drawn that Lord agreed to look to the federal government, with which he was not dealing, for the payment of the price which he charged for the construction of the road. What the federal government was willing to do (and Lord was informed of this by the terms of the contract) was to furnish the Territory with a portion of the cost of the road provided the work met with its approval. If the federal government, for any reason satisfactory to itself, should withhold its aid, the agreement of the Territory to pay the contract price would remain unimpaired; provided, of course, Lord complied with his part of the contract.

Under these circumstances it would have been a viola-

tion of his statutory duty for the auditor to have certified the contract.

This being sufficient to sustain the auditor's refusal to certify the contract, we deem it unnecessary to consider the two remaining grounds upon which his refusal is based.

The decision of the auditor is sustained.

*C. N. Tavares,* Second Deputy Attorney General (also on the briefs), for appellant.

*C. A. Gregory* (*Ulrich & Hite* with him on the brief) for the auditor.